UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM DIAZ, )<br>)<br>      Petitioner, )<br>)<br>      v. )<br>)<br>DANIEL MCBRIDE, )<br>)<br>      Respondent. ) | NO. 2:05-CV-34 PS |

**OPINION AND ORDER**

*Pro se* Petitioner Adam Diaz, an inmate with the Indiana Department of Correction, threatened to stab someone if he was not moved to a new unit in the jail. An administrative charge of "threatening" was brought against Diaz by the officer to whom the statement was made. Diaz was found guilty by the Conduct Adjustment Board (CAB) and, as a result, was docked 90 days good time credit. After exhausting his administrative remedies, Diaz petitioned for relief under 28 U.S.C. § 2254.

**I. FACTUAL BACKGROUND**

The Attorney General of Indiana has submitted the administrative record including documents designated A through H which reveal the following. On April 19, 2004, Diaz sent Counselor Hillen a request to be moved to another dorm. (*See* Exhibit A.) Counselor Hillen sent the request along to the appropriate person in the facility. That afternoon Diaz entered Counselor Hillen's office and stated that if he was not moved right away he would stab somebody. (*See id.*) As a result of that incident, Hillen charged Diaz with threatening. (*See id.*) On April 20, 2004, Diaz was notified of the charges against him. (*See* Exhibit B.) At the

screening, Diaz did not request a lay advocate or wish to call any witnesses at the hearing. (*See id.*) He stated he would bring reports to the hearing regarding gang activity as evidence to show why he wanted to be moved for his safety. (*See id.*)

The CAB hearing was held on April 27, 2004. (*See* Exhibit C.) At the hearing Diaz testified that he simply wanted to be moved to another dorm and that he really had no intention of hurting anyone. (*See id.*) Thus, Diaz at least implicitly admitted to making the threat but attempted to minimize it by saying that he had no intention of following through with the threat. The CAB found Diaz guilty of the charge. (*Id.*) Diaz's finding of guilt was based on staff reports, Diaz's statement, evidence from witnesses, and reports of gang problems showing Diaz requested help. The sanction imposed was a loss of 90 day earned credit time and one month in segregation. The finding of guilt and the sanction were upheld by the facility superintendent and the final reviewing authority. (Exhibits D, E and G.)

In an unrelated CAB hearing (case number MCF 04-04-0286) held the same day, Diaz was found guilty of battery and, along with other sanctions, was demoted from credit class I to credit class III. People in credit class I receive one day of credit for every one day of good time served. By contrast, those in credit class III do not receive any good time credits. Diaz's principal complaint in this case is that it was improper for the CAB to impose a loss of 90 days good time credit in this case and to demote him in the other case. Diaz has filed a previous habeas petition in the Northern District of Indiana challenging the demotion to credit class III resulting from the battery charge. *See Diaz v. McBride*, 2:04-CV-446 PS.

## II.  STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth

Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision.  Due process requires that Diaz be given: "(1) advance written notice of the charges against [him] at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in [his] defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action."  *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564, 566 (1974)).

For the hearing to be meaningful, the prisoner "should be afforded the opportunity to be heard before an impartial decision maker[,]" *id.*, and the decision must be supported by "some evidence in the record[,]" *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).  The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649, 650-51  (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717, 719-20 (7th Cir. 1996).

"This is a lenient standard, requiring no more than 'a modicum of evidence.'"  *Webb*, 224 F.3d at 652 (citation omitted).  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits "so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'"  *Id.* (citing *Hill*, 472 U.S. at 457).  "'[T]he relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board.'" *Id.* (emphasis and alteration in original) (citing *Hill*, 472 U.S. at 455–56).

### III.  DISCUSSION

Diaz claims that the State violated his constitutional rights in five ways: (1) there was insufficient evidence to find him guilty; (2) Counsel Hiller was prejudiced again him; (3) he was improperly demoted in credit class before he was deprived of earned credit time; (4) he was denied a lay advocate; and (5) his earned credit time was improperly taken.

Only claims three and five need to be addressed because Diaz did not exhaust his administrative remedies on the other three claims.  In his Disciplinary Hearing Appeal and then in his appeal to the Final Reviewing Authority, Diaz only claimed that it was improper to have docked him 90 days good time credit.  At no time during his appeal did he claim – as he does now – that the evidence was insufficient, that Counselor Hillen was prejudiced against him or that he was denied a lay advocate.  A review of Diaz's appeals demonstrate that he only complained about the sentence that he received.  (*See* Exhibits D-G.)  Accordingly, Diaz procedurally defaulted on his other claims by failing to raise them in the course of the administrative appeals to the facility superintendent and the final reviewing authority.

Diaz does not attempt to excuse the default, and it is clear that Diaz must have raised in his administrative appeals any issue on which he now seeks federal review.  *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002) ("[T]he prisoner had the information about the alleged relationship between the committee member and the witness before he filed his administrative appeal, yet failed to advise the appellate tribunal, thus forfeiting his right to urge it as a ground for obtaining relief in a federal habeas corpus proceeding."); *see also Markham v. Clark,* 978 F.2d 993 (7th Cir. 1992).  For example, in *Markham*, the Seventh Circuit held that an Indiana state prisoner who failed to exhaust his state administrative remedies for prison disciplinary

4

sanctions "forfeit[s] his state remedies" and is thus also "barred from obtaining relief from the federal court." *Markham,* 978 F.2d at 995.  Because Diaz did not raise the issues to the facility superintendent or the final reviewing authority, those claims are barred from federal review.

In his appeal to the facility superintendent, Diaz raised one issue; whether the sanctions that were imposed were proper.  (Exhibit D.)  His third and fifth claims in his habeas Petition raise essentially this same issue.  Diaz claims it was improper to sanction him with the loss of 90 days earned credit time in this case.  He believes that once he was demoted from credit class I to credit class III (as a result of the other charge), the CAB could not then revoke the 90 days of good time credit that he previously earned.  Evidently, Diaz is under the mistaken assumption that once he is placed in credit class III that his previously earned good time credits are safe from revocation.  But that is not so.  As the facility superintendent explained in denying Diaz's appeal, earned credit time can be revoked while an offender is in credit class III so long as there is earned credit time to take.  (Exhibits E.)  In other words, the credit class is irrelevant to whether credit time can be revoked.

As support for this, Respondent submits the declaration of Randy Short, the Indiana Department of Correction Supervisor of Offender Placement.  The declaration is from the earlier habeas petition brought by Diaz in 2:04-CV-446 PS, the habeas case emanating from the battery conviction.  Mr. Short avers that under Indiana good time credit rules, deprivation of earned credit time can occur while the offender is in any credit class.  (Exhibit H.)  Thus, Diaz was not inappropriately deprived of 90 days earned credit time simply because he was demoted to credit class III before the 90 days sentence was imposed.

In sum, Diaz was punished in the other case by being demoted from credit class I to

5

credit class III for committing a battery.  He was then docked 90 days good time credit in this case for making threats.  None of Diaz's constitutional rights were deprived.

### III.  CONCLUSION

For all the reasons stated, and because it is clear that none of Diaz's constitutional rights have been violated, this Petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED**.

ENTERED: January 25, 2006

>s/ Philip P. Simon
>PHILIP P. SIMON, JUDGE
>UNITED STATES DISTRICT COURT